UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:23-CV-81285-MIDDLEBROOKS

SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,

v.

WILSON J. RONDINI, III,
FALCON CAPITAL LLP,
FALCON CAPITAL PARTNERS
LIMITED,

                Defendants.

**DEFENDANTS WILSON J. RONDINI, III AND FALCON CAPITAL PARTNERS
LIMITED'S ANSWER AND AFFIRMATIVE DEFENSES TO
SECURITIES AND EXCHANGE COMMISSION'S AMENDED COMPLAINT**

Defendants Wilson J. Rondini, III ("Mr. Rondini") and Falcon Capital Partners Limited ("Falcon Hong Kong") (together, "Defendants"), file this Answer and Affirmative Defenses to the Amended Complaint [ECF No. 16] filed by Plaintiff Securities and Exchange Commission ("Plaintiff" or "SEC"), and state as follows:

**ANSWER**

Defendants deny all allegations contained in the headings and all unnumbered paragraphs in the Amended Complaint, except for such allegations as are explicitly and specifically admitted below. In response to the allegations in the specific numbered paragraphs in the Amended Complaint, Defendants answer the Amended Complaint as follows:

1. Defendants admit the allegations contained in the first sentence of paragraph 1 of the Amended Complaint with respect to the SEC's claim of broker activity. Defendants deny

1

the allegations contained in the first sentence of paragraph 1 of the Amended Complaint with respect to the SEC's claim of dealer activity. Defendants admit that they acted as brokers on behalf of approximately a dozen companies that issued stock, but otherwise deny the allegations contained in the second sentence of paragraph 1 of the Amended Complaint. Defendants deny that they "engaged in the business" of "buying and selling securities for their own accounts." Defendants state that such allegations amount to legal conclusions for which no response is required; to the extent a response is required, Defendants deny them. Defendants admit the allegations contained in the third sentence of paragraph 1 of the Amended Complaint. Defendants deny that they were required to register as a broker-dealer with the SEC or associate with a broker-dealer registered with the SEC.

2. Defendants deny that Rondini sent mass emails "touting" issuers' stock and deny that Falcon Capital LLP and Falcon Hong Kong retained "salespeople." Defendants deny that they were required to register as a broker-dealer with the SEC or associate with a broker-dealer registered with the SEC. Defendants deny that they broke any laws. Defendants also specifically deny that the SEC is entitled to any of the relief sought in the Amended Complaint. Defendants otherwise admit the allegations contained in paragraph 2 of the Amended Complaint.

3. Defendants admit that on occasion Mr. Rondini engaged in private transactions. Defendants deny that these actions were "part of a regular business" or that they demonstrate that Defendants engaged in the business of buying and selling securities for their own accounts. Defendants state that such allegations amount to legal conclusions for which no response is required; to the extent a response is required, Defendants deny them. Defendants state that any emails speak for themselves and deny any inconsistent allegations. Defendants deny that they were required to register as a broker-dealer with the SEC or associate with a broker-dealer

registered with the SEC. Defendants deny that they broke any laws. Defendants deny the remaining allegations contained in paragraph 3 of the Amended Complaint.

4. Defendants deny the allegations contained in paragraph 4 of the Amended Complaint. Defendants further state that the Amended Complaint speaks for itself and deny that the SEC is entitled to any of the relief sought in the Amended Complaint.

## **DEFENDANTS**

5. Defendants deny that Mr. Rondini "is" the managing partner of Falcon Capital LLP because that entity has been dissolved. Defendants admit the remaining allegations contained in paragraph 5 of the Amended Complaint.

6. Defendants deny that Mr. Rondini "holds" any membership share of Falcon Capital LLP because that entity has been dissolved. Defendants admit the remaining allegations contained in paragraph 6 of the Amended Complaint.

7. Defendants admit the allegations contained in paragraph 7 of the Amended Complaint.

## **JURISDICTION AND VENUE**

8. Defendants admit the allegations contained in paragraph 8 of the Amended Complaint.

9. Defendants state that the allegations in the first and second sentences of paragraph 9 of the Amended Complaint amount to legal conclusions for which no response is required; to the extent a response is required, Defendants deny them. Defendants otherwise deny the allegations contained in paragraph 9 of the Amended Complaint.

10. Defendants admit the allegations contained in paragraph 10 of the Amended Complaint.

11. The allegations contained in paragraph 11 of the Amended Complaint constitute a legal conclusion for which no response is required. To the extent that a response is required, Defendants deny that they engaged in any transactions or acts that violated the federal securities laws. Defendants further deny that the conduct alleged in the Amended Complaint involved "deliberate" or "reckless" disregard of regulatory requirements.

## FACTUAL ALLEGATIONS

### I. Falcon LLP and Falcon Limited Agreed to Solicit Investors

12. Defendants admit the allegations contained in paragraph 12 of the Amended Complaint.

13. Defendants state that any agreements with respect to pre-IPO financing speak for themselves and deny any inconsistent allegations. Defendant deny the remaining allegations contained in paragraph 13 of the Amended Complaint.

14. Defendants state that any agreements with respect to IPO financing speak for themselves and deny any inconsistent allegations. Defendant deny the remaining allegations contained in paragraph 14 of the Amended Complaint.

15. Defendants admit the allegations contained in the first sentence of paragraph 15 of the Amended Complaint. However, Defendants are without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 15 of the Amended Complaint and, therefore, deny same.

16. Defendants admit the allegations contained in paragraph 16 of the Amended Complaint.

### II. Rondini, Falcon LLP, and Falcon Limited Solicited Investors

17. Defendants admit the allegations contained in the first sentence of paragraph 17

of the Amended Complaint. Defendants state that any emails speak for themselves and deny any inconsistent allegations.

18. Defendants state that any written communications and emails speak for themselves and deny any inconsistent allegations.

19. Defendants admit that there were consultants who assisted in locating investors to purchase stock in issuers. Defendants deny that all these individuals entered into written agreements, deny that Mr. Rondini "employed" them, deny that they were "salespeople," and deny that all of the terms of said arrangements were the same. Defendants admit that from time-to-time payments were made to these individuals through the Falcon Capital LLC account and that funds were transferred from the Falcon Capital LLC account to Mr. Rondini's personal accounts. Defendants state that any emails speak for themselves and deny any inconsistent allegations. Defendants deny the remaining allegations contained in paragraph 19 of the Amended Complaint.

### III. Defendants Solicited U.S. Investors and Conducted Business in the United States

20. Defendants admit the allegations contained in the first sentence of paragraph 20 of the Amended Complaint. Defendants deny that Rondini "tout[ed]" issuers' stock, but otherwise admit the allegations contained in the second sentence of paragraph 20 of the Amended Complaint. The agreement and emails referenced in the third and fourth sentences of paragraph 20 of the Amended Complaint speak for themselves and deny any inconsistent allegations.

21. Defendants deny the allegations in paragraph 21 of the Amended Complaint.

22. Defendants deny that Mr. Rondini "conducted extensive business" in the United States prior to the time Mr. Rondini began residing in the United States. Defendants state that

the email referenced in the second sentence of paragraph 22 of the Amended Complaint speaks for itself and deny any inconsistent allegations. Defendants admit the allegations in the third and fourth sentences of paragraph 22 of the Amended Complaint.

### IV. Defendants' Unregistered Dealer Activity

23. Defendants admit that they acted as brokers. Defendants deny that they were required to register as a broker-dealer with the SEC or associate with a broker-dealer registered with the SEC. Defendants deny the remaining allegations contained in paragraph 23 of the Amended Complaint.

24. Defendants state that any emails speak for themselves and deny any inconsistent allegations. Defendants deny the remaining allegations in paragraph 24 of the Amended Complaint.

25. Defendants admit the allegations contained in paragraph 25 of the Amended Complaint.

26. Defendants deny the allegations in paragraph 26 of the Amended Complaint. Further, Defendants deny that these actions were "part of a regular business" or demonstrate that they had engaged in the business of buying and selling securities for their own accounts. Defendants state that such allegations amount to legal conclusions for which no response is required; to the extent a response is required, Defendants deny them.

27. Defendants state that any emails speak for themselves and deny any inconsistent allegations.

28. Defendants state that any emails speak for themselves and deny any inconsistent allegations. Defendants deny that Mr. Rondini and Falcon Capital LLP "held themselves out to prospective investors more generally as dealers." Defendants state that such allegations amount

to legal conclusions for which no response is required; to the extent a response is required, Defendants deny them. Defendants deny the remaining allegations in paragraph 28 of the Amended Complaint.

29.  Defendants admit that, on some occasions, Mr. Rondini sent email correspondence in his capacity as managing partner of Falcon Capital LLP. Defendants state that any such emails speak for themselves and deny any inconsistent allegations. Defendants deny the remaining allegations in paragraph 29 of the Amended Complaint.

## CLAIM FOR RELIEF

### COUNT ONE

### Violation of Section 15(a)(1) of the Exchange Act – Broker Registration

30.  Defendants repeat, reiterate, and reassert their responses to paragraphs 1-2, 4-22 & 26 with the same force and effect as if set forth at length herein.

31.  Defendants state that although he is a U.S. citizen, Mr. Rondini resided in Europe and outside the United States for more than twenty years – including during the 2018-2022 time period – and only recently moved back to the U.S. Mr. Rondini has held direct or indirect ownership stakes in both Falcon Capital LLP (now defunct) and Falcon Hong Kong. Defendants admit that during the majority of the relevant time period, the Falcon Parties had offices exclusively outside of the U.S. and none were registered as a broker with the Commission or associated with a broker registered with the Commission. Defendants deny the remainder of the allegations contained in paragraph 31 of the Amended Complaint.

32.  Defendants admit the allegations in paragraph 32 of the Amended Complaint. However, Defendants clarify that only a small number of the broker transactions at issue included sales to U.S. investors. Defendants further clarify that the broker transactions at issue

7

involved sales of securities to only a small number of both U.S. and non-U.S. investors that were completed after Mr. Rondini physically began to reside in the United States.

33. Defendants deny the allegations in paragraph 33 of the Amended Complaint. Defendants deny that they were required to register as a broker-dealer with the SEC or associate with a broker-dealer registered with the SEC. Defendants specifically deny that they violated Section 15(a)(1) of the Exchange Act. Further, Defendants specifically deny that any injunctive relief is necessary or that there is any reasonable likelihood of continuing violations.

## COUNT TWO

### Violation of Section 15(a)(1) of the Exchange Act – Dealer Registration

34. Defendants repeat, reiterate, and reassert their responses to paragraphs 1, 3-11, & 23-29 with the same force and effect as if set forth at length herein.

35. Defendants deny the allegations in paragraph 35 of the Amended Complaint.

36. Defendants deny the allegations in paragraph 36 of the Amended Complaint.

37. Defendants deny the allegations in paragraph 37 of the Amended Complaint.

## COUNT THREE

### Control Person Liability Under Section 20(a) of the Exchange Act

38. Defendants repeat, reiterate, and reassert their responses to paragraphs 1-29 with the same force and effect as if set forth at length herein.

39. Defendants admit the allegations contained in the paragraph 39 of the Amended Complaint with respect to the SEC's claim for failure to register as a broker. Defendants deny the allegations contained in paragraph 39 of the Amended Complaint with respect to the SEC's claim for failure to register as a dealer.

40. Defendants admit the allegations contained in paragraph 40 of the Amended

Complaint with respect to engaging in broker activity. Defendants deny the allegations contained in paragraph 40 of the Amended Complaint with respect to engaging in dealer activity.

41. Defendants admit the allegations contained in paragraph 41 of the Amended Complaint with respect to engaging in broker activity. Defendants deny the allegations contained in paragraph 41 of the Amended Complaint with respect to engaging in dealer activity. Defendants deny that they were required to register as a broker-dealer with the SEC or associate with a broker-dealer registered with the SEC. Defendants deny that they violated Section 15(a)(1) of the Exchange Act.

42. Defendants deny the allegations contained in paragraph 42 of the Amended Complaint.

* * * * * *

## RELIEF REQUESTED

In response to the Relief Requested section following paragraph 42 of the Amended Complaint, Defendants deny that Plaintiff is entitled to any of the relief it seeks therein and deny that Plaintiff is entitled to a judgment in its favor.

## GENERAL DENIAL

Defendants generally deny all allegations of the Amended Complaint except for such allegations as are explicitly and specifically admitted above.

## AFFIRMATIVE DEFENSES

In further response to the Amended Complaint, Defendants assert the following defenses. The denomination of any matter below as a defense is not an admission that Defendants bear the burden of persuasion, burden of proof, or burden of producing evidence with respect to any such matter.

## FIRST DEFENSE

(Failure to State a Claim)

The Amended Complaint, and each cause of action alleged therein against Defendants that they qualified as dealers under the Exchange Act who were required to register, fail to state a claim upon which relief can be granted.

## SECOND DEFENSE

(Defendants Are Not Dealers)

Defendants' activities do not rise to the level of those that would require Defendants to register as dealers under the Exchange Act. As such, they could not have violated Section 15(a) of the Exchange Act.

## THIRD DEFENSE

(Defendants Were Foreign Finders)

Defendants' actions were permissible because under FINRA Rule 2040(C), the payments they received were payments to a nonregistered foreign person (the "finder") of transaction-related compensation based upon the business of customers the finder directed to the member.

## FOURTH DEFENSE

(Lack of Control Person Liability)

The Amended Complaint, and each cause of action alleged therein against Mr. Rondini that seek to impose control person liability arising from the failure to register as a dealer under the Exchange Act, fail to state a claim upon which relief can be granted.

## FIFTH DEFENSE

(Mistake)

Plaintiff's claims against Defendants cannot be maintained to the extent the conduct alleged in the Amended Complaint was not intentional, was believed to be lawful, proper, and fair, and was the result of mistake of fact or mistake of law.

## SIXTH DEFENSE

(Unconstitutionality- Due Process)

The SEC provided guidance for decades regarding the type of investor conduct that would make one a "dealer," who was required to register under the Exchange Act, rather than a trader who was exempt from registration. But this guidance failed to provide sufficient notice to the Falcon Parties that their conduct was the type of conduct for which registration was required, as alleged in the Complaint. As such, the SEC violated the Falcon Parties' substantive due process rights. The SEC cannot now invent such a characteristic with retroactive punitive effect. *See F.C.C. v. Fox Television Stations, Inc.*, 567 U.S. 239, 253 (2012) ("A fundamental principle in our legal system is that laws which regulate persons or entities must give fair notice of conduct that is forbidden or required.").

## SEVENTH DEFENSE

(Unconstitutionality - Disgorgement)

Plaintiff's claims fail because the relief Plaintiff seeks violates the federal constitution to the extent that Plaintiff seeks disgorgement in excess of constitutionally permissible levels, which would constitute an unconstitutional forfeiture and/or an excessive fine. Further, the SEC's requested disgorgement award is barred by a failure to allege any victims and by a failure

to limit the award to Defendant's net profits. *See Liu v. SEC*, 140 S. Ct. 1936 (2020); *SEC v. Govil*, 86 F.4th 89 (2d Cir. 2023).

## EIGHTH DEFENSE

(Statute of Limitations)

Plaintiff's claims against Defendants are barred, in whole or in part, by the applicable statute of limitations and/or repose.

## NINTH DEFENSE

(Laches)

Plaintiff's claims against Defendants are barred, in whole or in part, by the doctrine of laches and/or other equitable principles.

## TENTH DEFENSE

(Penny Stock Bar)

Plaintiff is not entitled to a penny stock bar under the Exchange Act under the factors set forth under *Steadman v. SEC*, 603 F.2d 1126, 1140 (5th Cir. 1979).

## ELEVENTH DEFENSE

(Right to Assert Additional Defenses)

Additional facts may be revealed by future discovery which support additional affirmative defenses presently available to, but unknown to, Defendants. Therefore, Defendants reserve the right to assert additional defenses in the event that investigation and discovery indicate that additional defenses are appropriate.

\* \* \* \* \* \*

**Attorneys' Fees and Costs**

Defendants have retained the undersigned attorneys and agreed to pay undersigned counsel reasonable fees for their services. In the event they prevail, Defendants are entitled to an award of their reasonable attorneys' fees and costs incurred in the defense of this matter, as are allowed by applicable law.

\* \* \* \* \* \*

WHEREFORE, Defendants Wilson J. Rondini, III and Falcon Capital Partners Limited pray for judgment as follows:

A.  That Plaintiff is not awarded any relief by its Amended Complaint against Defendants;

B.  That Counts One and Two of the Amended Complaint be dismissed, with prejudice, and judgment entered in favor of Defendants;

C.  That Count Three of the Amended Complaint be dismissed, with prejudice, and judgment entered in favor of Mr. Rondini;

D.  That Defendants recover costs and expenses incurred in defending this action, including reasonable attorneys' fees, as are allowed by applicable law; and

E.  For such other and further relief as this Court deems just and proper.

Dated:  January 5, 2024

Respectfully submitted,

**KING & SPALDING LLP**
Southeast Financial Center
200 S. Biscayne Boulevard
Suite 4700
Miami, Florida 33131
Telephone: (305) 462-6000

By: */s/ Brian P. Miller*
    Brian P. Miller, Esq.
    Florida Bar No. 0980633
    bmiller@kslaw.com
    Ross E. Linzer, Esq.
    Florida Bar No. 0073094
    rlinzer@kslaw.com

– and –

David R. Chase, Esq.
Florida Bar No. 967970
**LAW FIRM OF DAVID R. CHASE P.A.**
1700 East Las Olas Boulevard
Suite 305
Fort Lauderdale, Florida 33301
david@davidchaselaw.com
Telephone: (954) 920-7779

*Counsel for Wilson J. Rondini, III & Falcon Capital Partners Limited*