UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:23-CV-81285-MIDDLEBROOKS

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

WILSON J. RONDINI, III, and
FALCON CAPITAL PARTNERS, LTD.,

    Defendants.
_____/

**FINAL JUDGMENT AS TO DEFENDANTS
WILSON J. RONDINI, III, AND FALCON CAPITAL PARTNERS LIMITED**

THIS CAUSE comes before the Court upon the Parties' Joint Report as to the Status of the Litigation, filed August 12, 2024. (DE 72). The Parties represent that the Securities and Exchange Commission, along with Defendants Wilson J. Rondini III and Falcon Capital Partners, Limited, Consent to a Final Judgment within this matter.

The Defendants, having entered a general appearance, have consented to the Court's jurisdiction over them and the subject matter of this action, consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph VII), waived findings of fact and conclusions of law, and waived any right to appeal from this Judgment.

Accordingly, **IT IS ORDERED AND ADJUDGED** that:

I.

Defendants are permanently restrained and enjoined from making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to

1

induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) while engaged in and pursuant to a business of effecting transactions in securities for the accounts of others unless the Defendants are registered as brokers with the Securities and Exchange Commission, or unless the Defendants are associated with a broker that is so registered.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

II.

**IT IS ORDERED AND ADJUDGED** that:

Defendants are permanently restrained and enjoined from making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) while engaged in and pursuant to the business of buying and selling selling securities (not including security-based swaps, other than security-based swaps with or for persons that are not eligible contract participants) for their own accounts through a broker or otherwise unless the Defendants are registered as dealers with the Securities and Exchange Commission, or unless the Defendants are associated with a dealer that is so registered.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

III.

**IT IS ORDERED AND ADJUDGED** that:

Defendants are barred for a period of three years, commencing on the entry of this Judgment, from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

IV.

**IT IS ORDERED AND ADJUDEGED** that, with respect to Defendants' alleged broker activities, Defendants are jointly and severally liable for disgorgement of $5,220,000, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $283,597. The Court finds that sending the disgorged funds to the United States Treasury, as ordered below, is consistent with equitable principles. The Court further imposes a civil penalty jointly and severally upon Defendants in the amount of $246,403 pursuant to Section 21(d) of the Exchange Act [15 U.S.C. §78u(d)]. Defendants shall satisfy these obligations by paying $5,750,000 to the Securities and Exchange Commission pursuant to the terms of the payment schedule set forth in

paragraph V below after entry of this Final Judgment.

Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center Accounts
> Receivable Branch  6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; name of the payor defendant(s) (identifying him, it or them as defendants in this action); and specifying that payment is made pursuant to this Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

If Defendants fail to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth in the payment plan in Section V below, the Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt. The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. §

3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action.

V.

Defendants Rondini and Falcon Capital Partners Limited shall pay the total of disgorgement, prejudgment interest, and penalty due of $5,750,000 in three (3) installments to the Commission according to the following schedule: (1) $1,500,000, within 10 days of entry of this Final Judgment; (2) 1,000,000 within 365 days of entry of this Final Judgment; and (3) 3,250,000 within 730 days of this Final Judgment. Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 30 days of the entry of Final Judgment. Prior to making the final payment set forth herein, Defendants shall contact the staff of the Commission for the amount due for the final payment.

If Defendants fail to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

VI.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

5

VII.

**IT IS ORDERED AND ADJUDGED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the Complaint are true and admitted by Defendants, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendants under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendants of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

VIII.

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

**SIGNED** in Chambers, in West Palm Beach, Florida, this 13th day of August, 2024.

_____
DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Cc: attorneys of record